07 CIV 8118

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, L.L.C. and MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS,<br><br>Plaintiffs,<br><br>v.<br><br>MARINE BULKHEADING, INC.,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |



RECEIVED
SEP 17 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, Level 3 Communications, L.L.C. ("Level 3") and MCI Communications Services, Inc., d/b/a Verizon Business ("VzB"), state the following as and for their Complaint against Defendant, Marine Bulkheading, Inc. ("Marine"):

## JURISDICTION AND VENUE

1.  Plaintiff Level 3 is a Delaware limited liability company with its principal place of business in Broomfield, Colorado. Level 3's sole member is Level 3 Financing, Inc., a Delaware corporation with its principal place of business in Broomfield, Colorado.

2.  Plaintiff VzB is a Delaware corporation with its principal place of business in Richardson, Texas.

3.  Upon information and belief, Defendant Marine is a New York corporation with its principal place of business in Seaford, New York.

4.  The matter in controversy, exclusive of interest and costs, exceeds $75,000.00 with respect to each Plaintiff. Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5.     The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

## BACKGROUND INFORMATION

6.     Level 3 and VzB are telecommunications companies which provide interstate telecommunications services to individual and commercial users. These telecommunications services are provided through, among other means, nationwide networks of fiber optic cables, which are buried underground.

7.     By agreements with Empire City Subway ("ECS"), Level 3 and VzB possess the rights to install and operate fiber optic cables in duct system owned by ECS. By virtue of these agreements, Level 3 and VzB are entitled to undisturbed possession of these rights. In accordance with their agreements with ECS, Level 3 and VzB have installed and operate fiber optic cables in ECS' duct system in New York City.

## FIRST CAUSE OF ACTION
### (Trespass)

8.     Level 3 and VzB repeat and reallege each and every allegation contained in paragraphs 1-7 above as if fully set forth at length herein.

9.     Upon information and belief, on June 9, 2006, Marine was, without Level 3 or VzB's knowledge or consent, and against Level 3 and VzB's wills, driving I-beams into the ground at or near the northwest corner of the intersection of Greenwich Street and Hubert Street in New York City.

10.    Upon information and belief, on June 9, 2006, without Level 3 and VzB's knowledge or consent, and against Level 3 and VzB's wills, Marine severed Level 3 and VzB's cables while driving I-beams into the ground as described in paragraph 9 above.

11. As a result of Marine's actions, Level 3 and VzB sustained disturbance to their rights of use or servitude, and damage to and the loss of the use of their cables which have resulted in actual damages to Level 3 and to VzB, including, but not limited to the costs of repairs and the loss of the use of the cables.

12. Marine's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of Level 3 and VzB's rights and a conscious indifference to the consequences.

## SECOND CAUSE OF ACTION
(Negligence)

13. Level 3 and VzB repeat and reallege each and every allegation contained in paragraphs 1-12 above as if fully set forth at length herein.

14. Upon information and belief, Marine acted negligently in driving the I-beams into the ground on or about June 9, 2006. This negligent conduct included, but is not limited to the following:

 (a) Failing to provide notice of the location and date of its planned work to the New York one-call notification system as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.1(a)(1);

 (b) Failing to take all reasonable precautions to prevent contact or damage to Level 3 and VzB's cables as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.10(a);

 (c) Failing to maintain clearance between Level 3 and VzB's cables and the cutting edge or point of the I-beams to avoid damage to Level 3 and VzB's cables as required by N.Y. Gen. Bus. Law § 764;

 (d) Failing to make arrangements to have representatives of Level 3 and VzB present during the work;

 (e) Failing to train their employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground

        Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(f)   Failing to adequately supervise their employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(g)   Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

15. As a result of Marine's actions and/or omissions, Level 3 and VzB have sustained damage to and the loss of the use of their cables which have resulted in actual damages to Level 3 and VzB, including, but not limited to costs of repair of the cables and the loss of the use of the cables.

16. Marine's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of Level 3 and VzB's rights and a conscious indifference to the consequences.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Level 3 and VzB respectfully request that final judgment be entered in their favor and against Defendant Marine in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, as follows:

A.   Awarding Plaintiffs Level 3 and VzB full compensatory damages;

B.   Awarding Plaintiffs Level 3 and VzB punitive damages in an amount deemed sufficient to punish Defendant Marine for its actions;

D.   Awarding Plaintiffs Level 3 and VzB interest and costs of Court;

E.   Awarding Plaintiffs Level 3 and VzB all other and further relief as this Court deems just and proper.

#1226919 v1
057079-60762

Dated:    New York, New York
          September 17, 2007

Respectfully submitted,

*[signature]*

Lisa Lombardo [LL-2532]
**GIBBONS PC**
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone (212) 613-2000
Facsimile (212) 333-5980

and

James J. Proszek, *Pro Hac Vice* pending
Kimberly R. Schutz, *Pro Hac Vice* pending
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEYS FOR PLAINTIFFS
LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES,
INC., d/b/a VERIZON BUSINESS**

753891.1:915100:01425