LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MARINE BULKHEADING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES, INC.,        **ECF CASE**
d/b/a VERIZON BUSINESS,
                                                                    07 Civ. 8118 (GEL)
                     Plaintiffs,

      - against -

MARINE BULKHEADING, INC.,

                    Defendant.
------------------------------------------------------------X

## ANSWER TO COMPLAINT

      Defendant MARINE BULKHEADING, INC. (hereinafter "MBI" or "Defendant"), by its attorneys Lyons & Flood, LLP, for its Answer to plaintiffs' Complaint alleges, upon information and belief, as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 4, 6, and 7 of the Complaint.

    2.    Admits that defendant MBI is a New York corporation with its principal place of business in Seaford, New York, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 3 of the Complaint.

    3.    Admits that the actions and omissions giving rise to this action occurred in this District, but except as so specifically admitted herein, denies the remaining allegations contained

in paragraph 5 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION (Trespass)

4. Repeats and realleges each and every allegation contained in paragraphs 1 through 3 of this Answer as if set forth at length herein.

5. Admits that on June 9, 2006, with full authority and permission, MBI drove I-beams into the ground at or near the northwest corner of the intersection of Greenwich Street and Hubert Street in New York City, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 9 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 11 of the Complaint.

7. Denies each and every allegation contained in paragraph 12 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION (Negligence)

8. Repeats and realleges each and every allegation contained in paragraphs 1 through 7 of this Answer as if set forth at length herein.

9. Denies each and every allegation contained in paragraphs 14 through 16 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiffs are not the real parties in interest and are not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

12. Defendant is not liable to plaintiffs as a result of any alleged trespass or other

intentional wrongful conduct or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

13. Defendant performed properly and in accordance with the governing contract and/or agreement.

## FIFTH AFFIRMATIVE DEFENSE

14. Any past or future costs or expenses incurred, or to be incurred, by the plaintiffs for any economic loss that has been or may be replaced or indemnified in whole or in part, from a collateral source shall not be recoverable from the answering defendant and the amount of such damages will be diminished by the amount of the funds which plaintiffs have or may receive from such collateral source.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiffs have failed to mitigate reasonably their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

16. Plaintiffs have failed to join all necessary and indispensable parties.

## EIGHTH AFFIRMATIVE DEFENSE

17. The damages complained of were caused in whole or part by the culpable conduct of others for whom the defendant has no legal responsibility.

## NINTH AFFIRMATIVE DEFENSE

18. While defendant denies the plaintiffs' allegations of trespass and/or negligence, any damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which the defendant neither has control nor has the right to control, and for which acts or omissions the defendant is not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

19. That if plaintiffs sustained the damages alleged in the Complaint, which are denied, same were wholly caused by the culpable conduct of plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

20. That if plaintiffs sustained the damages alleged in the Complaint, which are denied, same were caused if not in whole then in part by the culpable conduct of plaintiffs, which should reduce any damages awarded to plaintiffs in proportion to plaintiffs' culpable conduct as determined at trial.

WHEREFORE, defendant MBI prays:

a. that judgment be entered in favor of defendant MBI and against plaintiffs, dismissing the Complaint herein together with costs and disbursements of this action; and

b. that judgment be entered in favor of defendant MBI for such other and further relief as the Court deems just and proper.

Dated: October 31, 2007

                    LYONS & FLOOD, LLP
                    Attorneys for Defendant
                    MARINE BULKHEADING, INC.

                    By: _____
                        Kirk M. Lyons (KL-1568)
                        65 W. 36th Street, 7th Floor
                        New York, NY 10018
                        (212) 594-2400

## **CERTIFICATE OF SERVICE**

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 31st day of October 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

GIBBONS P.C.
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Attn: Lisa Lombardo

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK 74103

Attn: James John Proszek

_____
Kirk M. Lyons

U:\kmhldocs\2604010\Pleadings\Answer.doc