LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant / Third-Party Plaintiff
MARINE BULKHEADING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES, INC.,
d/b/a VERIZON BUSINESS,

                       Plaintiffs,

                 - against -

MARINE BULKHEADING, INC.,

                    Defendant,
------------------------------------------------------------X
MARINE BULKHEADING, INC.,

              Third-Party Plaintiff,

               - against -

408-140 GREENWICH STREET LLC, BASILE
BUILDERS GROUP, INC. and CHAMP
CONSTRUCTION CORP.,

             Third-Party Defendants.
------------------------------------------------------------X

**ECF CASE**

07 Civ. 8118 (GEL)

## <u>THIRD-PARTY COMPLAINT</u>

      Defendant / Third-Party Plaintiff, MARINE BULKHEADING, INC. ("MBI"), by and

through its attorneys, Lyons & Flood, LLP, as and for its Third-Party Complaint against third-

party defendants 408-140 GREENWICH STREET LLC ("GREENWICH"), BASILE

BUILDERS GROUP, INC. ("BBG"), and CHAMP CONSTRUCTION CORP. ("CHAMP")

alleges, upon information and belief, as follows:

1.    At all material times, GREENWICH was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with a place of business at 321A Greenwich Street in New York, NY.

2.    At all relevant times, GREENWICH was the owner of the property located at 408 Greenwich Street.

3.    At all material times, BBG was and still is a domestic business corporation organized and existing under the laws of the State of New York, with a place of business at 321A Greenwich Street in New York, NY.

4.    At all relevant times, BBG was the general contractor of the construction project located at 408 Greenwich Street, New York, NY.

5.    At all material times, CHAMP was and still is a domestic business corporation organized and existing under the laws of the State of New York, with a place of business at 102 West End Avenue in Inwood, NY.

6.    At all relevant times, CHAMP was an excavating sub-contractor on the construction project located at 408 Greenwich Street, New York, NY.

7.    Plaintiffs, LEVEL 3 COMMUNICATIONS, L.L.C. and MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS (collectively "VERIZON"), commenced an action against MBI on or about September 17, 2007.  (A copy of the Complaint is attached hereto as Exhibit A.)

8.    On October 31, 2007, MBI answered the Complaint denying any and all liability. (A copy of MBI's Answer is attached hereto as Exhibit B.)

9.    The Complaint alleges, *inter alia*, that on June 9, 2006, MBI, without plaintiffs'

knowledge or consent, drove I-beams into the grounds at or near the northwest corner of the
intersection of Greenwich Street and Hubert Street in New York City and severed plaintiffs'
fiber optic cables which were contained in an underground duct system, and as a result, plaintiffs
sustained damage to and the loss of the use of their cables and additionally incurred costs for
repair of the cables.

10.    Prior to June 9, 2006, MBI entered into a written agreement with GREENWICH
and/or BBG (the "Proposal and Contract") regarding the performance of installation work by
MBI at the intersection of Greenwich Street and Hubert Street in New York City.

11.    The Proposal and Contract provided, *inter alia*, that MBI was "[n]ot responsible
for any underground utility lines, nor their verifications."

12.    Prior to June 9, 2006, MBI entered into a written agreement with GREENWICH
and BBG (the "Indemnity Agreement") regarding certain insurance and indemnification
requirements of the parties relating to the performance of installation work by MBI at the
intersection of Greenwich Street and Hubert Street in New York City.

13.    The Indemnity Agreement provided that the indemnification MBI was extending
to BBG and/or GREENWICH was subject to and superceded by the Proposal and Contract to the
extent any conflicts existed between the agreements.

14.    On June 9, 2006, the terms, conditions and provisions of the Proposal and
Contract and the Indemnity Agreement were in full effect.

15.    On June 9, 2006, an employee or representative of CHAMP named Nick
Ciampone instructed MBI where to begin the installation work at the construction site located at
408 Greenwich Street.

## COUNT I AGAINST THIRD-PARTY DEFENDANTS
## BBG AND GREENWICH FOR BREACH OF CONTRACT

16.    MBI repeats and realleges each and every allegation contained in paragraphs 1

through 15 of the Third-Party Complaint with the same force and effect as it fully set forth at

length herein.

17.    Pursuant to the Proposal and Contract, MBI was "[n]ot responsible for any

underground utility lines, nor their verifications."

18.    GREENWICH and/or BBG, or their agents, were therefore responsible for

obtaining verifications regarding the location of any underground utility lines prior to the

installation work at 408 Greenwich Street.

19.    GREENWICH and/or BBG did not obtain such verifications prior to directing

MBI in regard to the installation work at the construction site located at 408 Greenwich Street.

20.    Since GREENWICH and/or BBG did not obtain verifications of underground

utility lines pursuant to its contractual obligation, they are liable to fully reimburse and satisfy all

judgments, including attorney's fees, disbursements, costs and expenses that may be rendered

against MBI in this action.

## COUNT II AGAINST THIRD-PARTY DEFENDANTS
## BBG AND GREENWICH FOR CONTRACTUAL INDEMNIFICATION

21.    MBI repeats and realleges each and every allegation contained in paragraphs 1

through 20 of the Third-Party Complaint with the same force and effect as it fully set forth at

length herein.

22.    If plaintiffs sustained losses and damages as alleged in the Complaint, which is

denied, those losses and damages were sustained as a result of the negligence, acts and/or

omissions and/or breach of contract of GREENWICH and/or BBG.

23.    If plaintiffs sustained losses and damages as alleged in the Complaint, which is denied, GREENWICH and/or BBG are obligated to indemnify and hold harmless MBI in full in accordance with the terms, provisions, and conditions of the Proposal and Contract and Indemnity Agreement.

24.    By reason of the foregoing, in the event any judgment is obtained by plaintiffs against MBI, MBI is entitled to contractual indemnification from GREENWICH and/or BBG for the full amount of any such judgment, including costs, disbursements, expenses, and attorneys' fees.

## COUNT III AGAINST THIRD-PARTY DEFENDANTS BBG, GREENWICH, AND CHAMP FOR CONTRIBUTION

25.    MBI repeats and realleges each and every allegation contained in paragraphs 1 through 24 of the Third-Party Complaint with the same force and effect as it fully set forth at length herein.

26.    If plaintiffs sustained losses and damages as alleged in the Complaint, which is denied, those losses and damages were sustained in whole or in part by the negligence, acts and/or omissions and/or breach of contract of GREENWICH and/or BBG and/or CHAMP.

27.    By reason of the foregoing, in the event any judgment is obtained by plaintiffs against MBI in this action, MBI is entitled to contribution from GREENWICH and/or BBG and/or CHAMP for their proportional share of liability as determined by the relative culpability of each party, including costs, disbursements, expenses, and attorneys' fees.

## COUNT IV AGAINST THIRD-PARTY DEFENDANTS BBG, GREENWICH, AND CHAMP FOR COMMON LAW INDEMNIFICATION

28.    MBI repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Third-Party Complaint with the same force and effect as it fully set forth at

length herein.

29.      If Plaintiffs sustained losses and damages as alleged in the Complaint, which is

denied, those losses and damages were sustained by the negligence, acts and/or omissions and/or

breach of contract of GREENWICH, and/or BBG and/or CHAMP, without any negligence, fault,

and/or breach of contract on the part of MBI contributing thereto.

30.      By reason of the foregoing, in the event any judgment is obtained by plaintiffs

against MBI in this action, MBI is entitled to common law indemnification from GREENWICH,

and/or BBG and/or CHAMP for the full amount of any such judgment, including costs,

disbursements, and attorneys' fees.

WHEREFORE, Defendant / Third-Party Plaintiff MBI prays:

a.      that judgment be entered in favor of Defendant / Third-Party Plaintiff MBI and

against Third-Party Defendants GREENWICH, BBG, and CHAMP on the claims in each and

every Count herein together with the costs and disbursements of this action, including attorneys'

fees and costs; and

b.      that judgment be entered in favor of Defendant / Third-Party Plaintiff MBI for

such other and further relief as the Court deems just and proper.

Dated: November 2, 2007

> LYONS & FLOOD, LLP
> Attorneys for Defendant / Third-Party Plaintiff
> MARINE BULKHEADING, INC.
>
> By: _Kirk M. Lyons_
>     Kirk M. Lyons (KL-1568)
>     65 W. 36th Street, 7th Floor
>     New York, NY 10018
>     (212) 594-2400

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 2nd day of November 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

GIBBONS P.C.
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Attn: Lisa Lombardo

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK 74103

Attn: James John Proszek

Kirk M. Lyons

U:\kmhldocs\2604010\Pleadings\Third Party Complaint.doc

# EXHIBIT A

JUDGE LYNCH

07 CIV 8118

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES, INC.,
d/b/a VERIZON BUSINESS,

         Plaintiffs,

v.

MARINE BULKHEADING, INC.,

         Defendants.

Civil Action No.

**COMPLAINT**



RECEIVED
SEP 17 2007
U.S.D.... ...D. N.Y.
CASHIERS

---

Plaintiffs, Level 3 Communications, L.L.C. ("Level 3") and MCI Communications Services, Inc., d/b/a Verizon Business ("VzB"), state the following as and for their Complaint against Defendant, Marine Bulkheading, Inc. ("Marine"):

## JURISDICTION AND VENUE

1.    Plaintiff Level 3 is a Delaware limited liability company with its principal place of business in Broomfield, Colorado.  Level 3's sole member is Level 3 Financing, Inc., a Delaware corporation with its principal place of business in Broomfield, Colorado.

2.    Plaintiff VzB is a Delaware corporation with its principal place of business in Richardson, Texas.

3.    Upon information and belief, Defendant Marine is a New York corporation with its principal place of business in Seaford, New York.

4.    The matter in controversy, exclusive of interest and costs, exceeds $75,000.00 with respect to each Plaintiff.  Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5.     The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

## BACKGROUND INFORMATION

6.     Level 3 and VzB are telecommunications companies which provide interstate telecommunications services to individual and commercial users.  These telecommunications services are provided through, among other means, nationwide networks of fiber optic cables, which are buried underground.

7.     By agreements with Empire City Subway ("ECS"), Level 3 and VzB possess the rights to install and operate fiber optic cables in duct system owned by ECS.  By virtue of these agreements, Level 3 and VzB are entitled to undisturbed possession of these rights.   In accordance with their agreements with ECS, Level 3 and VzB have installed and operate fiber optic cables in ECS' duct system in New York City.

## FIRST CAUSE OF ACTION
### (Trespass)

8.     Level 3 and VzB repeat and reallege each and every allegation contained in paragraphs 1-7 above as if fully set forth at length herein.

9.     Upon information and belief, on June 9, 2006, Marine was, without Level 3 or VzB's knowledge or consent, and against Level 3 and VzB's wills, driving I-beams into the ground at or near the northwest corner of the intersection of Greenwich Street and Hubert Street in New York City.

10.     Upon information and belief, on June 9, 2006, without Level 3 and VzB's knowledge or consent, and against Level 3 and VzB's wills, Marine severed Level 3 and VzB's cables while driving I-beams into the ground as described in paragraph 9 above.

#1226919 v1
057079-60762

11.    As a result of Marine's actions, Level 3 and VzB sustained disturbance to their rights of use or servitude, and damage to and the loss of the use of their cables which have resulted in actual damages to Level 3 and to VzB, including, but not limited to the costs of repairs and the loss of the use of the cables.

12.    Marine's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of Level 3 and VzB's rights and a conscious indifference to the consequences.

## SECOND CAUSE OF ACTION
### (Negligence)

13.    Level 3 and VzB repeat and reallege each and every allegation contained in paragraphs 1-12 above as if fully set forth at length herein.

14.    Upon information and belief, Marine acted negligently in driving the I-beams into the ground on or about June 9, 2006. This negligent conduct included, but is not limited to the following:

(a)    Failing to provide notice of the location and date of its planned work to the New York one-call notification system as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.1(a)(1);

(b)    Failing to take all reasonable precautions to prevent contact or damage to Level 3 and VzB's cables as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.10(a);

(c)    Failing to maintain clearance between Level 3 and VzB's cables and the cutting edge or point of the I-beams to avoid damage to Level 3 and VzB's cables as required by N.Y. Gen. Bus. Law § 764;

(d)    Failing to make arrangements to have representatives of Level 3 and VzB present during the work;

(e)    Failing to train their employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground

-3-

Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(f) Failing to adequately supervise their employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Title 15, Part 753, Protection of Underground Facilities, as required by N.Y. Comp. Codes R. & Regs. Tit. 16, § 753-3.15;

(g) Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

15. As a result of Marine's actions and/or omissions, Level 3 and VzB have sustained damage to and the loss of the use of their cables which have resulted in actual damages to Level 3 and VzB, including, but not limited to costs of repair of the cables and the loss of the use of the cables.

16. Marine's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of Level 3 and VzB's rights and a conscious indifference to the consequences.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Level 3 and VzB respectfully request that final judgment be entered in their favor and against Defendant Marine in an amount in excess of $75,000.00, together with pre-judgment and post-judgment interest, as follows:

A. Awarding Plaintiffs Level 3 and VzB full compensatory damages;

B. Awarding Plaintiffs Level 3 and VzB punitive damages in an amount deemed sufficient to punish Defendant Marine for its actions;

D. Awarding Plaintiffs Level 3 and VzB interest and costs of Court;

E. Awarding Plaintiffs Level 3 and VzB all other and further relief as this Court deems just and proper.

-4-

Dated:    New York, New York
          September 17, 2007

Respectfully submitted,

Lisa Lombardo [LL-2532]
**GIBBONS PC**
One Pennsylvania Plaza, 37th Floor
New York, NY  10119-3701
Telephone (212) 613-2000
Facsimile (212) 333-5980

and

James J. Proszek, *Pro Hac Vice* pending
Kimberly R. Schutz, *Pro Hac Vice* pending
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 400
Tulsa, OK  74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505

**ATTORNEYS FOR PLAINTIFFS
LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES,
INC., d/b/a VERIZON BUSINESS**

753891.1:915100:01425

#1226919 v1
057079-60762

# EXHIBIT B

LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Defendant
MARINE BULKHEADING, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEVEL 3 COMMUNICATIONS, L.L.C. and
MCI COMMUNICATIONS SERVICES, INC.,            **ECF CASE**
d/b/a VERIZON BUSINESS,
                                                                          07 Civ. 8118 (GEL)
                                        Plaintiffs,

                - against -

MARINE BULKHEADING, INC.,

                                        Defendant.
------------------------------------------------------------X

## ANSWER TO COMPLAINT

Defendant MARINE BULKHEADING, INC. (hereinafter "MBI" or "Defendant"), by its

attorneys Lyons & Flood, LLP, for its Answer to plaintiffs' Complaint alleges, upon information

and belief, as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 1, 2, 4, 6, and 7 of the Complaint.

2.      Admits that defendant MBI is a New York corporation with its principal place of

business in Seaford, New York, but except as so specifically admitted herein, denies the

remaining allegations contained in paragraph 3 of the Complaint.

3.      Admits that the actions and omissions giving rise to this action occurred in this

District, but except as so specifically admitted herein, denies the remaining allegations contained

in paragraph 5 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION (Trespass)

4.    Repeats and realleges each and every allegation contained in paragraphs 1 through 3 of this Answer as if set forth at length herein.

5.    Admits that on June 9, 2006, with full authority and permission, MBI drove I-beams into the ground at or near the northwest corner of the intersection of Greenwich Street and Hubert Street in New York City, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 9 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 11 of the Complaint.

7.    Denies each and every allegation contained in paragraph 12 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION (Negligence)

8.    Repeats and realleges each and every allegation contained in paragraphs 1 through 7 of this Answer as if set forth at length herein.

9.    Denies each and every allegation contained in paragraphs 14 through 16 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11.    Plaintiffs are not the real parties in interest and are not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

12.    Defendant is not liable to plaintiffs as a result of any alleged trespass or other

intentional wrongful conduct or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

13.    Defendant performed properly and in accordance with the governing contract and/or agreement.

## FIFTH AFFIRMATIVE DEFENSE

14.    Any past or future costs or expenses incurred, or to be incurred, by the plaintiffs for any economic loss that has been or may be replaced or indemnified in whole or in part, from a collateral source shall not be recoverable from the answering defendant and the amount of such damages will be diminished by the amount of the funds which plaintiffs have or may receive from such collateral source.

## SIXTH AFFIRMATIVE DEFENSE

15.    Plaintiffs have failed to mitigate reasonably their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs have failed to join all necessary and indispensable parties.

## EIGHTH AFFIRMATIVE DEFENSE

17.    The damages complained of were caused in whole or part by the culpable conduct of others for whom the defendant has no legal responsibility.

## NINTH AFFIRMATIVE DEFENSE

18.    While defendant denies the plaintiffs' allegations of trespass and/or negligence, any damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which the defendant neither has control nor has the right to control, and for which acts or omissions the defendant is not legally responsible.

## TENTH AFFIRMATIVE DEFENSE

19.    That if plaintiffs sustained the damages alleged in the Complaint, which are denied, same were wholly caused by the culpable conduct of plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

20.    That if plaintiffs sustained the damages alleged in the Complaint, which are denied, same were caused if not in whole then in part by the culpable conduct of plaintiffs, which should reduce any damages awarded to plaintiffs in proportion to plaintiffs' culpable conduct as determined at trial.

WHEREFORE, defendant MBI prays:

a.    that judgment be entered in favor of defendant MBI and against plaintiffs, dismissing the Complaint herein together with costs and disbursements of this action; and

b.    that judgment be entered in favor of defendant MBI for such other and further relief as the Court deems just and proper.

Dated: October 31, 2007

LYONS & FLOOD, LLP
Attorneys for Defendant
MARINE BULKHEADING, INC.

By:  _Kirk M. Lyons_
Kirk M. Lyons (KL-1568)
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 31st day of October 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

GIBBONS P.C.
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Attn: Lisa Lombardo

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 400
Tulsa, OK 74103

Attn: James John Proszek


_____
Kirk M. Lyons

U:\kmhldocs\2604010\Pleadings\Answer.doc