UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LEVEL 3 COMMUNICATIONS, L.L.C. and MCI
COMMUNICATIONS SERVICES, INC., d/b/a VERIZON
BUSINESS,

                                         Plaintiffs,

   *- against -*

MARINE BULKHEADING, INC.,

                                         Defendant.
------------------------------------------------------------------------X
MARINE BULKHEADING, INC.,

                                         Third-Party Plaintiff,

   *-against-*

408-140 GREENWICH STREET LLC, BASILE BUILDERS
GROUP, INC. and CHAMP CONSTRUCTION CORP.,

                                         Third-Party Defendants.
------------------------------------------------------------------------X

**ECF CASE**

07 Civ. 8118 (GEL)

**THIRD-PARTY DEFENDANT'S ANSWER**

      Third-Party Defendant, 408-410 GREENWICH STREET, LLC ("Answering Defendant"), incorrectly sued herein as above, by its attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, as and for its Third-Party Answer hereby alleges the following upon information and belief:

      1.    Answering Defendant admits the allegations set forth in paragraph "1" of the Complaint.

      2.    Answering Defendant admits the allegations set forth in paragraph "2" of the Complaint.

3. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Answering Defendant admits the allegations set forth in paragraph "4" of the Complaint.

5. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Answering Defendant admits the allegations set forth in paragraph "6" of the Complaint.

7. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, regarding the allegations, or the authenticity of the documents referenced therein.

8. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, regarding the allegations, or the authenticity of the documents referenced therein.

9. Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "9" of the Complaint and begs leave of the Honorable Court to reference the Complaint for its contents without admitting the truth of the allegations therein.

10. Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "10" of the Complaint, except admits there was an agreement between MBI and BBG regarding work at the subject premises and Answering Defendant begs leave of the Court to refer to the agreement itself for its terms and conditions.

11. Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "11" of the Complaint, except admits there was an agreement between MBI and BBG regarding work at the subject premises and Answering Defendant begs leave of Court to refer to the agreement itself for its terms and conditions.

12. Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "12" of the Complaint, except admits there was an indemnity agreement in effect in which MBI agreed to defend and indemnify this Answering Defendant and begs leave of Court to refer to the agreement itself for its terms and conditions.

13. Answering Defendant denies the allegations set forth in paragraph "13" of the Complaint.

14. Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "14" of the Complaint, except admits there was an agreement between MBI and BBG regarding work at the subject premises and there was an indemnity agreement in effect in which MBI agreed to indemnify this Answering Defendant, and begs leave of Court to refer to the agreement itself for its terms and conditions.

15. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

## ANSWERING COUNT I

16. In response to paragraph "16" of the Complaint, Answering Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "15" above as if fully set forth herein at length.

17.  Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "17" of the Complaint, except admits there was an agreement between MBI and BBG regarding work at the subject premises and Answering Defendant begs leave of Court to refer to the agreement itself for its terms and conditions.

18.  Answering Defendant denies the allegations set forth in paragraph "18" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG.

19.  Answering Defendant denies, in the form alleged, the allegations set forth in paragraph "19" of the Complaint.

20.  Answering Defendant denies the allegations set forth in paragraph "20" of the Complaint.

## ANSWERING COUNT II

21.  In response to paragraph "21" of the Complaint, Answering Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "20" above as if fully set forth herein at length.

22.  Answering Defendant denies the allegations set forth in paragraph "22" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG.

23.  Answering Defendant denies the allegations set forth in paragraph "24" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG, and respectfully refer all questions of law to this Honorable Court.

24. Answering Defendant denies the allegations set forth in paragraph "24" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG, and respectfully refer all questions of law to this Honorable Court.

## ANSWERING COUNT III

25. In response to paragraph "25" of the Complaint, Answering Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "24" above as if fully set forth herein at length.

26. Answering Defendant denies the allegations set forth in paragraph "26" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG and Champ.

27. Answering Defendant denies the allegations set forth in paragraph "27" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG and Champ, and respectfully refer all questions of law to this Honorable Court.

## ANSWERING COUNT IV

28. In response to paragraph "28" of the Complaint, Answering Defendant repeats, reiterates and realleges each and every response set forth in paragraphs "1" through "27" above as if fully set forth herein at length.

29. Answering Defendant denies the allegations against Greenwich, set forth in paragraph "29" of the Complaint, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG and Champ, and respectfully refer all questions of law to this Honorable Court.

30. Answering Defendant denies the allegations set forth in paragraph "30" of the Complaint as to itself, and denies knowledge or information sufficient form a belief as to the truth of the allegations as to BBG and Champ, and respectfully refer all questions of law to this Honorable Court.

### FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a cause of action against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

32. If any damages are recoverable against this Answering Defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs, co-defendants or other third parties bear to the culpable conduct which caused the damages.

### THIRD AFFIRMATIVE DEFENSE

33. The Complaint should be dismissed because plaintiffs have failed to join necessary parties and the Court should not proceed in the absence of a person who should be a party.

### FOURTH AFFIRMATIVE DEFENSE

34. Pursuant to the provisions of Article 16 of the CPLR, should these answering defendants be found liable for damages, such liability being 50 percent or less of the total liability assigned to all persons liable, the liability of these answering defendants for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all parties liable.

## FIFTH AFFIRMATIVE DEFENSE

35. The provisions, requirements, and terms of CPLR Article 16 §1601, apply to the action and non-compliance with such provisions, requirements or terms operates to vitiate plaintiffs' right to maintain the subject action, and any verdict plaintiffs may recover thereby.

## SIXTH AFFIRMATIVE DEFENSE

36. The negligence of a third person or entity over whom this answering defendants had no control was a superseding cause and insulates the answering defendants from liability.

## SEVENTH AFFIRMATIVE DEFENSE

37. If any injuries and damages were sustained by the plaintiffs at the time and place, and in the manner alleged in the Complaint or other pleadings, such damages and injuries are attributable, in whole or in part, to the culpable conduct of the plaintiffs, a co-defendant or third parties not in the control of this Answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiffs failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

39. Pursuant to CPLR 4545(c), Plaintiffs' recovery, if any, must be reduced by amounts paid or reimbursed from collateral sources.

## TENTH AFFIRMATIVE DEFENSE

40. Plaintiff is not the real party in interest in the subject action, and thus lacks standing to bring this action.

### ELEVENTH AFFIRMATIVE DEFENSE

41. That if Third-party Plaintiff is an additional named insured on the Third-party Defendant's general liability insurance policy and/or excess insurance policy with respect to the loss in question, then the Third-Party Plaintiff waives its right to recover any sums represented by the full amount of such insurance coverage for any cause of action alleging liability based upon contractual indemnification, common law indemnification, or contribution.

### TWELFTH AFFIRMATIVE DEFENSE

42. That contingencies which trigger any indemnity obligations contained in an alleged contract between the parties do not exist in the instant action, and are necessary prerequisites to maintaining this action.

### AS AND FOR A CROSS-CLAIM AGAINST BASILE BUILDERS GROUP, INC. AND CHAMP CONSTRUCTION CORP.

43. If Third-Party Plaintiff sustained the injuries and damages as alleged in the Third-Party Complaint, and said injuries and damages were not sustained as a result of the Plaintiff or Third-Party Plaintiff's negligence, carelessness or want of care, then same were caused as a result of the acts and conduct, negligence, carelessness, want of care or breach of contract on the part of defendants, BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., without any negligence, carelessness or want of care on the part of this Answering Defendant in any way contributing thereto.

44. If a judgment is recovered against this Answering Defendant, by reason of the occurrence alleged in the Complaint, or as a result of the causes of action alleged in the Third-Party Complaint, this Answering Defendant will be damaged thereby and will be entitled to common law

contribution and indemnity and/or contractual contribution and indemnity therefore in whole or in part from defendants, BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., for any judgment recovered against this defendant or for that portion thereof that is shown to be the responsibility of defendants, BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., together with this Answering Defendant's costs, expenses and attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST
### BASILE BUILDERS GROUP, INC. AND CHAMP CONSTRUCTION CORP.

45. Co-Defendants entered into respective agreements to perform work at the subject premises.

46. Said agreements required defendants to defend, indemnify and hold this Answering Defendant harmless for all claims, damages, losses and expenses, including attorney's fees, to the fullest extent provided by law.

47. To the extent the Plaintiff or Third-Party Plaintiff were damaged as alleged herein, and such damages were not the sole and exclusive result of Plaintiff or Third-Party Plaintiff's own negligence, then such damages were the sole and direct result of BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP.'s negligence and/or breach of contract.

48. Answering Defendant is entitled to contractual indemnity by BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., against claims made by Plaintiff and Third-Party Plaintiff herein, and if Plaintiff or Third-Party Plaintiff is granted judgment over and against this Answering Defendant, then Answering Defendant is thereby damaged and entitled to judgment over and against BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., for said amount, in addition to costs and attorney's fees.

### AS AND FOR A THIRD CROSS-CLAIM
### FOR BREACH OF CONTRACT FOR FAILURE
### TO PROCURE ADDITIONAL INSURED STATUS

49.   BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., entered into respective agreements to perform work at the subject premises.

50.   The respective agreement provided that defendants were to provide insurance in favor of Answering Defendant in the amount of $1 million per occurrence.

51.   BASILE BUILDERS GROUP, INC. and CHAMP CONSTRUCTION CORP., failed to procure such insurance, thereby breaching the agreement and damaging Answering Defendant.

### AS AND FOR A COUNTER-CLAIM
### AGAINST MARINE BULKHEADING, INC.

52.   If Plaintiff sustained the injuries and damages as alleged in the Complaint, and said injuries and damages were not sustained as a result of the Plaintiff's own negligence, carelessness or want of care, then same were caused as a result of the acts and conduct, negligence, carelessness, want of care or breach of contract on the part of Third-Party Plaintiff, MARINE BULKHEADING, INC., without any negligence, carelessness or want of care on the part of this Answering Defendant in any way contributing thereto.

53.   If a judgment is recovered against this Answering Defendant, by reason of the occurrence alleged in the Complaint, or as a result of the causes of action alleged in the Complaint, this Answering Defendant will be damaged thereby and will be entitled to common law contribution and indemnity and/or contractual contribution and indemnity therefore in whole or in part from Third-Party Plaintiff, MARINE BULKHEADING, INC., for any judgment recovered against this defendant or for that portion thereof that is shown to be the responsibility of Third-Party Plaintiff,

MARINE BULKHEADING, INC., together with this Answering Defendant's costs, expenses and attorneys' fees.

### AS AND FOR A SECOND COUNTER-CLAIM
### AGAINST MARINE BULKHEADING, INC.

54. Third-Party Plaintiff, MARINE BULKHEADING, INC., entered into an agreement to perform work at the subject premises.

55. Said agreement required Third-Party Plaintiff, MARINE BULKHEADING, INC., to defend, indemnify and hold this Answering Defendant harmless for all claims, damages, losses and expenses, including attorney's fees, to the fullest extent provided by law.

56. Answering Defendant is entitled to contractual indemnity by Third-Party Plaintiff, MARINE BULKHEADING, INC., against claims made by Plaintiff and/or Third-Party Plaintiff herein, and if Plaintiff and/or Third-Party Plaintiff is granted judgment over and against this Answering Defendant, then Answering Defendant is thereby damaged and entitled to judgment over and against Third-Party Plaintiff, MARINE BULKHEADING, INC., for said amount, in addition to costs and attorney's fees.

### AS AND FOR A THIRD CROSS-CLAIM
### FOR BREACH OF CONTRACT FOR FAILURE
### TO PROCURE ADDITIONAL INSURED STATUS

57. Third-Party Plaintiff, MARINE BULKHEADING, INC., entered into an agreement to perform work at the subject premises.

58. The agreement provided that Third-Party Plaintiff, MARINE BULKHEADING, INC., was to provide insurance in favor of Answering Defendant in the amount of $1 million per occurrence.

59. Third-Party Plaintiff, MARINE BULKHEADING, INC., failed to procure such insurance, thereby breaching the agreement and damaging Answering Defendant.

**WHEREFORE,** Answering Defendant, 408-410 GREENWICH STREET LLC, prays:

a. that judgment be entered in favor of Third-Party Defendant and against Third-Party Plaintiff on the claims in each and every Count herein together with the costs and disbursements of this action, including attorneys' fees; or in the alternative

b. that judgment be entered in favor of Third-Party Defendant, 408-410 GREENWICH STREET LLC on its Cross-Claims and Counter-Claims, and for such other and further relief as the Court deems just and proper.

Dated: Hawthorne, New York
       December 21, 2007

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
*Attorneys for Third-Party Defendant,*
*408-410 Greenwich Street LLC*

By:     /S/
Robert M. Leff (RL 1889)
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
Tel. No. (914) 347-2600

TO:

LYONS & FLOOD, LLP
*Attorneys for Defendant/Third-party Plaintiff*
*MARINE BULKHEADING, INC.,*
Attn: Jon Werner, Esq.
65 W. 36th Street, 7th Floor
New York, New York 10018

GIBBONS, P.C.
Attn: Lisa Lombardo, Esq.
*Attorneys for Plaintiffs*
One Pennsylvania Plaza, 37th Floor
Brooklyn, New York 10119

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
*Attorneys for Plaintiffs*, *Pro Hac Vice*
Attn: James J. Proszek, Esq.
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma 74103

WHITE, QUINLAN & STALEY
*Atttorneys for Third-Party Defendant Champ Construction*
Attn: Terence M. Quinlan, Esq.
377 Oak Street
P.O. Box 9304
Garden City, NY 11530