OUR FILE NUMBER: WS 36-29459 (ARM/MIS/3)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
══════════════════════════════════════════X

**LEVEL 3 COMMUNICATIONS, L.L.C. and MCI**
**COMMUNICATIONS SERVICES, INC., d/b/a**
**VERIZON BUSINESS,**

                         **Plaintiffs,**

          -against-

**MARINE BULKHEADING, INC.,**

                         **Defendant.**
══════════════════════════════════════════X

**MARINE BULKHEADING, INC.**

                    **Third-Party Plaintiff,**

          -against-

**408-140 GREENWICH STREET LLC, BASILE**
**BUILDERS GROUP, INC. and CHAMP**
**CONSTRUCTION CORP.**

                    **Third-Party Defendants.**
══════════════════════════════════════════X

**ANSWER**

**ECF CASE**
**07 Civ. 8118 (GEL)**

          Third-Party Defendant, **BASILE BUILDERS GROUP, INC.**, by its attorneys,

**BIVONA & COHEN, P.C.**, as and for its Answer to Third-Party Plaintiff's Verified

Third-Party Complaint alleges upon information and belief, as follows:

          **FIRST:**          Denies knowledge or information sufficient to form a belief as to

each and every allegation of the paragraphs of the Third-Party Complaint designated

"1", "2", "5", "6", "14" and "15".

          **SECOND:**          Denies each and every allegation of the paragraph of the Third-

Party Complaint designated "4" and refers all questions of law to the Trial Court at

the time of trial.

          **THIRD:**          Denies knowledge or information sufficient to form a belief as to

each and every allegation of the paragraphs of the Third-Party Complaint designated "7" and "9", and refer to said Complaint for its terms, content and interpretation.

**FOURTH:**    Denies knowledge or information sufficient to form a belief as to each and every allegation of the paragraph of the Third-Party Complaint designated "8", and refer to said Answer for its terms, content and interpretation.

**FIFTH:**    Denies knowledge or information sufficient to form a belief as to each and every allegation of the paragraphs of the Third-Party Complaint designated "10", "12" and "13", and refer to said agreement for its terms, content and interpretation.

**SIXTH:**    Denies knowledge or information sufficient to form a belief as to each and every allegation of the paragraph of the Third-Party Complaint designated "11", and refer to said proposal and contract for their terms, content and interpretation.

**IN RESPONSE TO COUNT I AGAINST THIRD-PARTY
DEFENDANTS BBG AND GREENWICH FOR BREACH OF CONTRACT:**

**SEVENTH:**    In response to paragraph "16" of the Third-Party Complaint, this answering third-party defendant repeats, reiterates and realleges each and every response to the allegations of the paragraphs of the Third-Party Complaint designated "1" through "15", as if more fully set forth at length herein.

**EIGHTH:**    Denies knowledge or information sufficient to form a belief as to each and every allegation of the paragraph of the Third-Party Complaint designated "17", and refer to said proposal and contract for their terms, content and interpretation.

**NINTH:**    Denies each and every allegation of the paragraphs of the Third-Party Complaint designated "18", "19" and "20".

### IN RESPONSE TO COUNT II AGAINST THIRD-PARTY DEFENDANTS
### BBG AND GREENWICH FOR CONTRACTUAL INDEMNIFICATION:

**TENTH:**      In response to paragraph "21" of the Third-Party Complaint, this answering third-party defendant repeats, reiterates and realleges each and every response to the allegations of the paragraphs of the Third-Party Complaint designated "1" through "20", as if more fully set forth at length herein.

**ELEVENTH:** Denies each and every allegation of the paragraphs of the Third-Party Complaint designated "22", "23" and "24".

### IN RESPONSE TO COUNT III AGAINST THIRD-PARTY
### DEFENDANTS BBG, GREENWICH AND CHAMP FOR CONTRIBUTION:

**TWELFTH:** In response to paragraph "25" of the Third-Party Complaint, this answering third-party defendant repeats, reiterates and realleges each and every response to the allegations of the paragraphs of the Third-Party Complaint designated "1" through "24", as if more fully set forth at length herein.

**THIRTEENTH:**      Denies each and every allegation of the paragraphs of the Third-Party Complaint designated "26" and "27".

### IN RESPONSE TO COUNT IV AGAINST THIRD-PARTY DEFENDANTS
### BBG, GREENWICH AND CHAMP FOR COMMON LAW INDEMNIFICATION:

**FOURTEENTH:**      In response to paragraph "28" of the Third-Party Complaint, this answering third-party defendant repeats, reiterates and realleges each and every response to the allegations of the paragraphs of the Third-Party Complaint designated "1" through "27", as if more fully set forth at length herein.

**FIFTEENTH:**      Denies each and every allegation of the paragraphs of the Third-Party Complaint designated "29" and "30".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

**SIXTEENTH:**      If the damages were sustained by the Plaintiffs at the time and place and in the manner alleged in the Third-Party Complaint, such

damages and injuries are attributable, in whole or in part, to the culpable conduct of the Plaintiffs, and if any damages are recoverable against this Third-Party Defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

**SEVENTEENTH:**     If the damages were sustained by the Third-Party Plaintiff at the time and place and in the manner alleged in the Third-Party Complaint, such damages are attributable, in whole or in part, to the culpable conduct of the Plaintiffs, Third-Party Plaintiff and Third-Party Co-Defendants, and if any damages are recoverable against this Answering Third-Party Defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiffs, Third-Party Plaintiff and Third-Party Co-Defendants bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

**EIGHTEENTH:**     Any and all risks, hazards, defects or dangers alleged were open, obvious and apparent in nature and were known or should have been known to the Plaintiffs herein, and that the Plaintiffs assumed all such risks, hazards, defects and dangers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

**NINETEENTH:     BASILE BUILDERS GROUP, INC.,** as Third-Party Defendant seeks mitigation and/or a reduction of damages which Plaintiffs seek for the past, present and/or future costs, expenses, lost earnings and other economic

loss, which cost or expenses were paid to Plaintiffs or for which Plaintiffs have been reimbursed by or from any collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

**TWENTIETH:**        If the damages were sustained by the Plaintiffs at the time and place and in the manner alleged in the Complaint, such damages are attributable, in whole or in part, to the culpable conduct of the Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Co-Defendants, and if any damages are recoverable against, **BASILE BUILDERS GROUP, INC.**, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Co-Defendants bears to the culpable conduct which caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

**TWENTY-FIRST:**    If the damages were sustained by the Third-Party Plaintiff at the time and place and in the manner alleged in the Third-Party Complaint, such damages are attributable, in whole or in part, to the culpable conduct of the Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Co-Defendants, and if any damages are recoverable against **BASILE BUILDERS GROUP, INC.**, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Co-Defendants bears to the culpable conduct which caused the damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

**TWENTY-SECOND:**        That if it is determined that either prior to this lawsuit or during this lawsuit that Plaintiffs, Defendant/Third-Party Plaintiff and

Third-Party Co-Defendants herein have proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said Plaintiffs, Defendant/Third-Party Plaintiff and Third-Party Co-Defendants, then and in that event this answering Third-Party Defendant hereby pleads said adverse ruling or award and begs this Court to acknowledge and apply said ruling or award on the theory and basis of collateral estoppel under the authority of <u>Matter of American Ins. Co.</u> 43 N.Y.2d 184, 401 N.Y.S.2d 36; <u>Altman v. Queens TR Corp.</u>, 405 N.Y.2d 212; <u>Dermatossian v. NYCTA</u>, 67 N.Y.2d 219, 405 N.Y.S.2d 784; <u>Baldwin v. Brooks</u>, 83 A.D.2d AD5, 443 N.Y.S.2d 906; <u>Clemens v. Apple</u>, 65 N.Y.2d 746 and <u>Schultz v. Boy Scouts</u>, 65 N.Y.2d 189.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

**TWENTY-THIRD:**    The Third-Party Complaint herein fails to state a cause of action upon which relief may be granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

**TWENTY-FOURTH:**        Third-Party Plaintiff has failed to timely notify this Third-Party Defendant's carrier of their claim for insurance coverage.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

**TWENTY-FIFTH:**    That Third-Party Plaintiff's claim for coverage is barred because it failed to comply with the provisions, conditions and/or terms of the policy of insurance issued to **BASILE BUILDERS GROUP, INC..**

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

**TWENTY-SIXTH:**    That Third-Party Plaintiff's claim for coverage under the policy of insurance issued to **BASILE BUILDERS GROUP, INC.**, is outside the scope

of coverage afforded by the policy and/or subject to exclusion.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

**TWENTY-SEVENTH:**     There is no obligation for this Third-Party Defendant to defend or indemnify Third-Party Plaintiff, as necessary conditions precedent to the triggering of liability under the policy have not occurred.

## AS AND FOR A THIREENTH AFFIRMATIVE DEFENSE:

**TWENTY-EIGHTH:**     The Third-Party action is barred by operation of the statute of frauds.

## AS AND FOR A FIRST CROSS/COUNTERCLAIM BY THE ANSWERING THIRD-PARTY DEFENDANT, BASILE BUILDERS GROUP, INC., AGAINST THE DEFENDANT/THIRD-PARTY PLAINTIFF, MARINE BULKHEADING, INC. and THIRD-PARTY CO-DEFENDANTS, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP:

**TWENTY-NINTH:**  It is alleged that the damages sustained by the Plaintiffs were the result of the culpable conduct of **BASILE BUILDERS GROUP, INC.** Accordingly **BASILE BUILDERS GROUP, INC.**, counter/cross claiming herein begs leave to refer to the Third-Party Plaintiff's Verified Third-Party Complaint at the time of Trial.

**THIRTIETH:**     If the Plaintiffs were caused to sustain the damages alleged in Plaintiffs' Verified Complaint, said damages will have been sustained by reason of the culpable conduct of the adverse Defendant/Third-Party Plaintiff and Third-Party Co-Defendants to this lawsuit.

**THIRTY-FIRST:**   That if **BASILE BUILDERS GROUP, INC.**, counter/cross claiming herein, is also found culpable, then **BASILE BUILDERS GROUP, INC.**, will be entitled to contribution or indemnification, in whole or in part, from the culpable parties named in this claim over, for the proportion of the Plaintiffs' damages which were caused by the culpable parties named in this claim over together with all attorneys' fees, costs and disbursements.

### AS AND FOR A SECOND CROSS/COUNTERCLAIM BY THE ANSWERING THIRD-PARTY DEFENDANT, BASILE BUILDERS GROUP, INC., AGAINST THE DEFENDANT/THIRD-PARTY PLAINTIFF, MARINE BULKHEADING, INC. and THIRD-PARTY CO-DEFENDANTS, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP:

**THIRTY-SECOND:**        **BASILE BUILDERS GROUP, INC.** repeats, reiterates and re-alleges each and every allegation contained in its counter/cross claims set forth above as if more fully set forth at length herein.

**THIRTY-THIRD:**    That prior hereto and prior to the date of the occurrence which forms the basis of the within action, upon information and belief, **BASILE BUILDERS GROUP, INC.** entered into contracts and/or agreements with the adverse parties and/or the adverse parties entered into agreements with third-parties whereby the adverse parties agreed to indemnify, defend and hold harmless **BASILE BUILDERS GROUP, INC.** from each and every act of omission or commission which forms the basis of any claim by any party **BASILE BUILDERS GROUP, INC.**

**THIRTY-FOURTH:** That if the Plaintiffs sustained the injuries and damages alleged in the Verified Complaint, they were sustained within the provisions of the aforesaid contracts and/or agreements and the adverse parties will be obligated to defend, indemnify and hold harmless **BASILE BUILDERS GROUP, INC.** pursuant thereto.

**THIRTY-FIFTH:**    By reason of the foregoing, the adverse Defendant/Third-Party Plaintiff, **MARINE BULKHEADING, INC.** and Third-Party Co-Defendants**, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP.**, will be liable to **BASILE BUILDERS GROUP, INC.** for the amount of any recovery by the Plaintiff, as well as all attorneys' fees, costs and disbursements.

**AS AND FOR A THIRD CROSS/COUNTERCLAIM BY THE
ANSWERING THIRD-PARTY DEFENDANT, BASILE BUILDERS
GROUP, INC., AGAINST THE DEFENDANT/THIRD-PARTY PLAINTIFF,
MARINE BULKHEADING, INC. and THIRD-PARTY CO-DEFENDANTS,
408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP:**

**THIRTY-SIXTH:**    **BASILE BUILDERS GROUP, INC.** repeats, reiterates and re-alleges each and every allegation contained in its counter/cross claims set forth above with the same force and effect as if set forth at length herein.

**THIRTY-SEVENTH:**        That pursuant to the aforesaid contracts and/or agreements, the adverse Defendant/Third-Party Plaintiff, **MARINE BULKHEADING, INC.** and Third-Party Co-Defendants**, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP.**, undertook certain duties and obligations and certain duties and obligations emanated from said contracts, duties and agreements, including procurement of insurance coverage naming **BASILE BUILDERS GROUP, INC.** as an insured by said adverse Defendant/Third-Party Plaintiff and Third-Party Co-Defendants.

**THIRTY-EIGHTH:**   That if the Plaintiffs were caused to sustain the injuries and damages alleged, through any carelessness, recklessness and/or negligence or other culpable conduct other than that of the Plaintiffs, said injuries and damages were caused by breach of the aforesaid contracts and/or agreements and/or in furtherance of the aforesaid contracts and/or agreements and/or the terms and conditions emanating therefrom by the adverse parties and if any judgment is recovered herein against **BASILE BUILDERS GROUP, INC.**, then **BASILE BUILDERS GROUP, INC.**, will be damaged thereby and the adverse parties are or will be primarily responsible for **BASILE BUILDERS GROUP, INC.**'s damages.

**THIRTY-NINTH:**    By reason of the foregoing, the Defendant/Third-Party

Plaintiff, **MARINE BULKHEADING, INC.** and Third-Party Co-Defendants**, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP.**, are or will be liable to **BASILE BUILDERS GROUP, INC.** and to pay **BASILE BUILDERS GROUP, INC.** the amount of, or its proportionate share of, any such recovery by the Plaintiffs as well as all attorneys' fees, costs and disbursements.

 **FORTIETH:** Further, **BASILE BUILDERS GROUP, INC.** seeks attorneys' fees, costs and disbursements incurred in the defense of this action.

 **WHEREFORE**, the answering Third-Party Defendant, **BASILE BUILDERS GROUP, INC.**, seeks the following relief:

1) Dismissal of Third-Party Plaintiffs' Third-Party Complaint;

2) Judgment on the cross/counterclaims against Defendant/Third-Party Plaintiff, **MARINE BULKHEADING, INC.** and Third-Party Co-Defendants**, 408-140 GREENWICH STREET LLC and CHAMP CONSTRUCTION CORP.**; and

3) Costs, disbursements and attorneys fees incurred in this action.

**Dated: New York, New York**
  **May 12, 2008.**

By: Alan R. Meller, Esq.(ARM-8313)
**BIVONA & COHEN, P.C.**
Attorneys for Third-Party Defendant
**BASILE BUILDERS GROUP, INC.**
Wall Street Plaza
88 Pine Street, 17th Floor
New York, New York 10005
(212) 363-3100

**TO:**
**LYONS & FLOOD, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**MARINE BULKHEADING, INC.**
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons
(212) 594-2400

**GIBBONS P.C.**
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

**408-140 GREENWICH STREET, LLC**
321A Greenwich Street
New York, New York  10013

**CHAMP CONSTRUCTION CORP.**
102 West End Avenue
Inwood, New York  11096

OUR FILE NUMBER: WS 36-29459 (ARM/MIS/3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================X

LEVEL 3 COMMUNICATIONS, L.L.C. and MCI
COMMUNICATIONS SERVICES, INC., d/b/a
VERIZON BUSINESS,

                       **Plaintiffs,**

   -against-

MARINE BULKHEADING, INC.,

                     **Defendant.**
=================================================X

MARINE BULKHEADING, INC.

                **Third-Party Plaintiff,**

   -against-

408-140 GREENWICH STREET LLC, BASILE
BUILDERS GROUP, INC. and CHAMP
CONSTRUCTION CORP.

              **Third-Party Defendants.**
=================================================X

**THIRD-PARTY
DEFENDANT'S FIRST
COMBINED SET OF
INTERROGATORIES AND
REQUEST FOR
DOCUMENTS**

**ECF CASE
07 Civ. 8118 (GEL)**

       Defendant, **BASILE BUILDERS GROUP, INC.,** hereby requests, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that, within thirty days, plaintiffs and third-party plaintiff answer, under oath, the following interrogatories and that plaintiffs produce and permit this third-party defendant to inspect and copy all documents described below, at the office of **BIVONA & COHEN, P.C.,** Wall Street Plaza, 88 Pine Street, 17th Floor, New York, New York  10005-1886.  Pursuant to Rules 26(e) of Civil Procedure, these requests are deemed to be continuing.

      1.      Identify each and every person who may have knowledge or information relevant to the subject matter of this action.

      2.      For each person identified in paragraph "1" provide:

(a) the address and telephone number of the person;

(b) the employer of the person and the address and telephone number of the employer.

3.    Identify each and every person who may have knowledge or information relevant to each and every damage amount sought in this action.

4.    For each person identified in paragraph "3" provide:

(a)  the address and telephone number of the person:

(b)  the employer of the person and the address and telephone number of the employer.

5.    Has any person been consulted who holds him/herself out to be an expert or consultant in any field, concerning any issues in this case, including the issue of damages?

6.    If your answer to paragraph "5" is yes, state as to each person:

(a) his/her name, address, telephone number, and filed of expertise;

(b) the name, address, and telephone number of his/her employer;

(c) the date of the first contact or consultation with him/her.

(d) whether any written or oral report was made by him/her.  If any written report was made, please produce a copy of each report;

(e) the date of each report;

(f) as to each report whether it was written or oral;

(g) if any writing was made, including a written report, please provide a copy of that writing and/or report;

(h) whether you expect to call him/her at trial.

(i) if you cannot answer "h" at this time, give the date on which you expect that you will know whether or not you will call him/her as an expert witness at trial.

7.    Do you expect to call any person as an expert witness at trial?

8. If the answer to paragraph "7" is yes, state as to each person:

    (a) his/her name, address, telephone number, and field of expertise:

    (b) the name, address, and telephone number of his/her employer;

    (c) the date of the first contact or consultation with him/her;

    (d) whether any written or oral report was made by him/her. If any written report was made, please produce a copy of each report;

    (e) the date of each report;

    (f) as to each report whether it was written or oral;

    (g) if any writing was made, including a written report, please provide a copy of that writing and/or report.

9. State in detail each and every financial expense or loss allegedly incurred by plaintiffs as a result of any acts or omissions of this third-party defendant in this action giving:

    (a) description of its nature;

    (b) the amount;

    (c) the date incurred;

    (d) the amount of similar estimated future expenses or losses, if any.

10. Identify any documents (including photographs or sound recordings) concerning the subject matter of this action and/or any request for damages.

11. For each document identified in paragraph "12" state:

    (a) the name, address, and telephone number of the person who has present possession of the original or a copy of the document;

    (b) the name, address, and telephone number of each person that created or authored each document;

    (c) if the original or any copy has been destroyed or altered, in whole or in part, set forth the date of the destruction or alteration, the name, address, and telephone number of each person or persons

who destroyed or altered the document.

12.    For each document identified in paragraph "12" provide a copy of that document.

Dated: New York, New York
       May 12, 2008.

_____
By:  Alan R. Meller, Esq.(ARM-8313)
**BIVONA & COHEN, P.C.**
Attorneys for Third-Party Defendant
**BASILE BUILDERS GROUP, INC.**
Wall Street Plaza
88 Pine Street, 17th Floor
New York, New York 10005
(212) 363-3100

TO:
**LYONS & FLOOD, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**MARINE BULKHEADING, INC.**
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons
(212) 594-2400

**GIBBONS P.C.**
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

**408-140 GREENWICH STREET, LLC**
321A Greenwich Street
New York, New York  10013

**CHAMP CONSTRUCTION CORP.**
102 West End Avenue
Inwood, New York  11096

OUR FILE NUMBER: WS 36-29459 (ARM/MIS/3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
════════════════════════════════════X

LEVEL 3 COMMUNICATIONS, L.L.C. and MCI
COMMUNICATIONS SERVICES, INC., d/b/a
VERIZON BUSINESS,

                      **Plaintiffs,**

    -against-

MARINE BULKHEADING, INC.,

                    **Defendant.**
════════════════════════════════════X
MARINE BULKHEADING, INC.

               **Third-Party Plaintiff,**

    -against-

408-140 GREENWICH STREET LLC, BASILE
BUILDERS GROUP, INC. and CHAMP
CONSTRUCTION CORP.

             **Third-Party Defendants.**
════════════════════════════════════X

**THIRD-PARTY
DEFENDANT'S RULE 26
INTERROGATORIES**

**ECF CASE
07 Civ. 8118 (GEL)**

      Defendant, **BASILE BUILDERS GROUP, INC.**, pursuant to Rule 26(b)(4) and

Rule 33 of the Federal Rules of Civil Procedure, request plaintiffs and third-party

plaintiff to answer under oath, within thirty days, the following interrogatories.

These interrogatories are deemed to be continuing pursuant to Rule 26(d) of the

Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1**

      Have you or has your attorney or anyone else on your behalf, including any

person employed by your attorney, consulted any person holding him/herself out to be an expert or consultant in any field with respect to any of the issues in this case?

Interrogatory No. 2

If your answer to interrogatories No. 1 is "yes", state as to each person:

a.    his/her name, address and field of expertise;

b.    the name and address of his/her employer;

c.    the date of the first contact or consultation with him/her;

d.    the dates of all subsequent contacts or consultations with him/her;

e.    whether any written or oral report was made by him/her.

f.    the date of each report;

g.    as to each such report, whether it was written or oral;

h.    as to each such report, whether it was submitted pursuant to his/her employment in an advisory capacity, as a prospective witness, or in both capacities;

i.    the nature of the inquiry made by him/her and the nature of the subject matter investigated by him/her.

j.    whether you expect to call him/her as an expert witness at the trial;

k.    if you cannot answer interrogatory (j) at this time, give the date on which you expect that you know whether or not you will call him/her as an expert witness as trial.

Interrogatory No. 3

Identify each person who will present expert testimony on plaintiffs' and third-party plaintiff's behalf under Rules 702, 703 or 705 of the Federal Rules of Evidence. For each person identified provide the following:

a.    a business address;

b.    a statement of all opinions expressed and the basis and reasons for

each opinion;

c.      the information relied upon in forming the opinion;

d.      tables, charts, graphics or other exhibits to be used as a summary of data or support for the expert's opinions;

e.      the qualifications of the expert, including a curriculum vitae detailing the expert's education, employment history, professional affiliations, and all articles authorized by the expert; and

f.      a list of any other cases in which the witness has testified as an expert at trial or in deposition within the preceding four years.

<u>Interrogatory No. 4</u>

Identify all documents relied on, considered or reviewed by any person identified in response to Interrogatory 1 above.

Dated: New York, New York
       May 12, 2008.

_____
By:   Alan R. Meller, Esq.(ARM-8313)
**BIVONA & COHEN, P.C.**
Attorneys for Third-Party Defendant
**BASILE BUILDERS GROUP, INC.**
Wall Street Plaza
88 Pine Street, 17th Floor
New York, New York 10005
(212) 363-3100

TO:
**LYONS & FLOOD, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**MARINE BULKHEADING, INC.**
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons
(212) 594-2400

**GIBBONS P.C.**
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

**408-140 GREENWICH STREET, LLC**
321A Greenwich Street
New York, New York  10013

**CHAMP CONSTRUCTION CORP.**
102 West End Avenue
Inwood, New York  11096

OUR FILE NUMBER: WS 36-29459 (ARM/MIS/3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════════X

LEVEL 3 COMMUNICATIONS, L.L.C. and MCI
COMMUNICATIONS SERVICES, INC., d/b/a
VERIZON BUSINESS,

                    Plaintiffs,

    -against-

MARINE BULKHEADING, INC.,

                 Defendant.
═══════════════════════════════════════════X
MARINE BULKHEADING, INC.

             Third-Party Plaintiff,

    -against-

408-140 GREENWICH STREET LLC, BASILE
BUILDERS GROUP, INC. and CHAMP
CONSTRUCTION CORP.

             Third-Party Defendants.
═══════════════════════════════════════════X

**NOTICE OF
EXAMINATION
BEFORE TRIAL**

**ECF CASE
07 Civ. 8118 (GEL)**

       PLEASE TAKE NOTICE, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, third-party defendant, BASILE BUILDERS GROUP, INC., by its attorneys, BIVONA & COHEN, P.C., will take the deposition of plaintiffs, LEVEL 3 COMMUNICTIONS, L.L.C., and MCI COMMUNICATIONS SERVICES INC., d/b/a VERIZON BUSINESS, defendant/third-party plaintiff, MARINE BULKHEADING, INC., and co-defendants 408-140 GREENWICH STREET LLC, and CHAMP CONSTRUCTION CORP., at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007, beginning on Tuesday, August 19, 2008 at 10:00 a.m., and continuing

from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded; and

PLEASE TAKE FURTHER NOTICE, that pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedures and Rule 30.7 of the Local Civil Rules of the United States District Courts for the Southern District of New York, defendant, BASILE BUILDERS GROUP, INC., request that plaintiffs, LEVEL 3 COMMUNICTIONS, L.L.C., and MCI COMMUNICATIONS SERVICES INC., d/b/a VERIZON BUSINESS, defendant/third-party plaintiff, MARINE BULKHEADING, INC., and co-defendants 408-140 GREENWICH STREET LLC, and CHAMP CONSTRUCTION CORP., produce all information and documents requested in BASILE BUILDERS GROUP, INC.'s First Combined Set of Interrogatories and Request for Documents, dated May 12, 2008, within thirty (30) days of service of those interrogatories and documents requests, but in any event, no later than ten (10) business days prior to the deposition date established herein.

Dated: New York, New York
      May 12, 2008.

By: Alan R. Meller, Esq.(ARM-8313)
**BIVONA & COHEN, P.C.**
Attorneys for Third-Party Defendant
**BASILE BUILDERS GROUP, INC.**
Wall Street Plaza
88 Pine Street, 17th Floor
New York, New York 10005
(212) 363-3100

**TO:**
**GIBBONS P.C.**
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

**LYONS & FLOOD, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**MARINE BULKHEADING, INC.**
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons
(212) 594-2400

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

**408-140 GREENWICH STREET, LLC**
321A Greenwich Street
New York, New York  10013

**CHAMP CONSTRUCTION CORP.**
102 West End Avenue
Inwood, New York  11096

OUR FILE NUMBER: WS 36-29459 (ARM/MIS/3)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════X

LEVEL 3 COMMUNICATIONS, L.L.C. and MCI
COMMUNICATIONS SERVICES, INC., d/b/a
VERIZON BUSINESS,

                    Plaintiffs,

    -against-

MARINE BULKHEADING, INC.,

                  Defendant.
═══════════════════════════════════X
MARINE BULKHEADING, INC.

            Third-Party Plaintiff,

    -against-

408-140 GREENWICH STREET LLC, BASILE
BUILDERS GROUP, INC. and CHAMP
CONSTRUCTION CORP.

            Third-Party Defendants.
═══════════════════════════════════X

**NOTICE TO PRODUCE**

**ECF CASE**
**07 Civ. 8118 (GEL)**

S I R S :

      PLEASE TAKE NOTICE, that pursuant to CPLR 3101 and 3120(a), the undersigned demands that the third-party plaintiff produce and permit discovery on behalf of this third-party defendant, the following documents and/or authorizations:

      1.    A copy of the written agreement as referenced in the Third-Party Summons and Complaint.

      2.    A copy of the proposal and contract as referenced in the Third-Party Summons and Complaint.

**PLEASE TAKE FURTHER NOTICE,** that these documents and/or authorizations must be produced within twenty (20) days from the date of the within Notice.

Dated: New York, New York
        May 12, 2008.

_____
By:  Alan R. Meller, Esq.(ARM-8313)
**BIVONA & COHEN, P.C.**
Attorneys for Third-Party Defendant
**BASILE BUILDERS GROUP, INC.**
Wall Street Plaza
88 Pine Street, 17th Floor
New York, New York 10005
(212) 363-3100

**TO:**
**LYONS & FLOOD, LLP**
Attorneys for Defendant/Third-Party Plaintiff
**MARINE BULKHEADING, INC.**
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons
(212) 594-2400

**GIBBONS P.C.**
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

**408-140 GREENWICH STREET, LLC**
321A Greenwich Street
New York, New York  10013

**CHAMP CONSTRUCTION CORP.**
102 West End Avenue
Inwood, New York  11096

STATE OF NEW YORK          )
                                              ss:
COUNTY OF NEW YORK       )

MARIA V. SALLES, being duly sworn, hereby deposed and says as follows:

I am not a party to this action and I am over the age of eighteen (18) years and reside in Queens, New York.

On May _12_, 2008, I served the within Answer and Demands and Notices on the attorneys and parties listed below at the addresses designated by said attorneys and parties for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post-office-official depository, under the exclusive care and custody of the United States Postal Service within New York State.

TO:
LYONS & FLOOD, LLP
Attorneys for Defendant/Third-Party Plaintiff
MARINE BULKHEADING, INC.
65 West 36th Street, 7th Floor
New York, New York  10018
Attention:  Kirk M. Lyons

GIBBONS P.C.
Attorneys for Plaintiffs
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
Attention:  Lisa Lombardo

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
Attorneys for Plaintiffs
320 South Boston Avenue, Suite 400
Tulsa, OK  74103
Attention:  James John Proszek

408-140 GREENWICH STREET, LLC
321A Greenwich Street
New York, New York  10013

CHAMP CONSTRUCTION CORP.
102 West End Avenue
Inwood, New York  11096

_Maria V. Salles_
MARIA V. SALLES

Sworn to before me this _12_
day of May, 2008.

_Maureen A. Spencer_
NOTARY PUBLIC

MAUREEN A. SPENCER
Notary Public, State of New York
No. 01SP4949495
Qualified in Richmond County
Commission Expires May 30, 20__